IRIS MANAGEMENT GROUP, LLC, a Nevada limited liability company; Richard Heftel, an individual; Bruce Woolf, an individual, Plaintiffs—Appellees,

v.

Todd K. MALAN, M.D., an individual, Defendant—Appellant.

No. 09–15173.

United States Court of Appeals, Ninth Circuit.

Submitted June 1, 2009.[*]

Filed June 4, 2009.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Anne M. Loraditch, Jason R. Maier, Greenberg Traurig, LLP, Bobby L. Olson, Esquire, Beckley Singleton, Chtd., Las Vegas, NV, Robert Andrew Mandel, Esquire, Greenberg Traurig, LLP, E. Jeffrey Walsh, Snell & Wilmer L.L.P., Phoenix, AZ, for Plaintiffs–Appellees.

Karen Jeanne Sepura, Esquire, Weiss & Moy, P.C., Scottsdale, AZ, Jeffrey Lloyd Weiss, Weiss & Moy, P.C., Washington, DC, for Defendant–Appellant.

Before: GOULD, RAWLINSON and BYBEE, Circuit Judges.

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. This distinction is not dispositive because we would also affirm under the federal in-

---

MEMORANDUM **

Todd Malan appeals the district court's denial of his request for preliminary injunctive relief against IRIS Management Group, LLC ("IRIS"), and also appeals the district court's grant of preliminary injunctive relief to IRIS. We have jurisdiction under 28 U.S.C. § 1291(a)(1), and we affirm.

The parties are familiar with the facts of this case, and we discuss them here only as necessary to explain our disposition. We apply Nevada law to the substantive legal question here: whether the district court properly denied Malan's request for preliminary injunctive relief and properly granted in part IRIS's request for preliminary injunctive relief.[1] *See Sims Snowboards, Inc. v. Kelly,* 863 F.2d 643, 646–47 (9th Cir.1988) (holding that Federal Rule of Civil Procedure 65 addresses only the procedural aspects of injunctive relief, while state law controls whether injunctive relief is appropriate). Nevada law allows preliminary injunctions in three situations:

(1) When it shall appear by the complaint that the plaintiff is entitled to the relief demanded, and such relief or any part thereof consists in restraining the commission or continuance of the act complained of, either for a limited period or perpetually.

(2) When it shall appear by the complaint or affidavit that the commission or continuance of some act, during the litigation, would produce great or irreparable injury to the plaintiff.

(3) When it shall appear, during the litigation, that the defendant is doing or

junction standards. *See Winter v. Natural Res. Def. Council, Inc.,* —— U.S. ——, 129 S.Ct. 365, 374, 172 L.Ed.2d 249 (2008).

threatens, or is about to do, or is procuring or suffering to be done, some act in violation of the plaintiff's rights respecting the subject of the action, and tending to render the judgment ineffectual.

Nev.Rev.Stat. Ann. § 33.010.

Although maintaining the provisions of the Temporary Restraining Order ("TRO") that protected Malan's rights in the disputed websites, the district court declined to order a complete transfer of the websites to Malan's control. The district court did not err by declining to transfer the smartlipo.com website to Malan. Malan has not shown he is "entitled to the relief demanded." Nev.Rev.Stat. Ann. § 33.010(1). Ownership of the website is hotly contested, and the district court determined that it could not properly transfer ownership of the website without reaching a final decision on the merits. The district court had granted most of the relief requested by Malan in the district court's TRO, the terms of which continued in force, so there was not a likelihood of irreparable harm to Malan or any likelihood that IRIS would render an eventual judgment ineffectual. *See* Nev.Rev.Stat. Ann. § 33.010(2)–(3).

Although permitting Malan to retain the initial $25,000 per month of his profits, for his benefit and that of his estranged wife, the district court, recognizing a substantial likelihood that Malan would end up owing something on the Management Agreement, required funds in dispute to be placed in escrow. If Malan prevails after the district court reaches the merits, his ability to use funds placed in escrow will not be impaired. The district court did not err by requiring Malan to place some

of his practice profits in escrow each month. This was prudent judicial relief and there was no error in the court's grant of this partial injunctive relief. The district court determined that IRIS was likely to obtain a judgment against Malan under the Management Agreement, and there was evidence that IRIS might be unable to recover a judgment against Malan without an escrow requirement. Thus, the district court's partial grant of relief to IRIS was supported by each of the three grounds contained in the Nevada preliminary injunction statute. *See* Nev.Rev.Stat. Ann. § 33.010.

By contrast, the escrow requirement, which applies only to Malan's profits and applies only after a substantial monthly payment to Malan, does not create an undue hardship for Malan.[2] Malan's challenge to whether the Reimbursement Agreement was formed does not detract from the obligations of Malan under the Management Agreement, and those obligations amply supported the partial injunctive relief that was given.

Malan argues that the district court did not follow Federal Rule of Civil Procedure 52(a)(2), which requires that the district court "state the findings and conclusions that support its actions." This challenge relates to both the relief denied Malan when he sought transfer of website ownership and to the relief given to IRIS when Malan was required to pay profits into an escrow account. It might have been a better procedure for the district court to document each aspect of decision with more detailed findings. However, the substance of what the district court did was

---

**2.** IRIS's request for injunctive relief was not barred by laches. *See, e.g., Oakland Tribune, Inc. v. Chronicle Pub. Co.,* 762 F.2d 1374, 1377 (9th Cir.1985) (suggesting that a lengthy delay in requesting relief reflects a "lack of urgency" such that preliminary injunctive re-

lief may not be warranted). The claimed harm by IRIS was an ongoing and allegedly worsening injury, so IRIS did not unreasonably delay in requesting injunctive relief from the district court.

not in error. We conclude that the district court's lack of formal findings was not reversible error because such findings were not necessary on this record to understand the district court's decisions. *See FTC v. Enforma Natural Prods.*, 362 F.3d 1204, 1212 (9th Cir.2004) ("A failure to comply with Rule 52(a) does not require reversal unless a full understanding of the question is not possible without the aid of separate findings.").

Malan also argues that the district court should have required IRIS to give security before ordering Malan to place money in escrow. *See* Fed.R.Civ.P. 65(c). We conclude that the district court's decision was not reversible error because it is unlikely Malan will suffer any significant harm as a result of the escrow requirement. *Id.* (requiring security only to the extent "the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained"). The escrow requirement does not cause any significant "damages" to be sustained by Malan, and so security was not required.

**AFFIRMED.**

RAWLINSON, Circuit Judge, concurring:

I concur in the result.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.