**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUN 7 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



MARK E. CAPUTO, in his capacity as Trustee for the Mark E. Caputo Sun Valley Residence Trust; and LISA CAPUTO, in her capacity as Trustee of the Lisa S. Caputo Sun Valley Residence Trust,

      Plaintiffs-counter-defendants-Appellees,

      v.

THOMAS R. MONGE, ELMAR GRABHER, ELISABETH GRABHER, and INFINITY PROJECTS LLC, an Idaho Limited Liability Company,

      Defendants-counter-claimants-Appellants.

No.   17-35133

D.C. No.   1:14-cv-00277-LAB

MEMORANDUM[*]

On Appeal from the United States District Court
for the District of Idaho
Larry Allan Burns, District Judge

Submitted June 5, 2018[**]
Portland, Oregon

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: M. SMITH and MURGUIA, Circuit Judges, and HELLERSTEIN,[***] District Judge.

Defendants-Appellants appeal from the district court's order, following a bench trial, granting a mandatory injunction to remove two townhomes developed and built by Defendants-Appellants in violation of a restrictive covenant benefiting Plaintiffs-Appellees and others. Appellants concede that they violated the restrictive covenant. The district court had diversity jurisdiction. 28 U.S.C. § 1332. We have jurisdiction of the appeal. 28 U.S.C. § 1291. We find no error or abuse of discretion in the district court's judgment and affirm.

Appellants took title to "Lot 19" on January 15, 2014, intending to develop the property with four single-family townhomes. After a contested hearing, the City of Ketchum Zoning Commission granted permission to Appellants, on June 23, 2014, to subdivide Lot 19 and to build four townhomes. Construction began in September 2014.

Appellees, the owners of Lot 18, the lot directly north of Lot 19, objected to Appellants' intended development as a violation of the restrictive covenant governing Lot 19. Appellees notified Appellants of their objection before the latter took title, and contested Appellants' application for subdivision during the Zoning Commission hearings. Appellees filed a complaint on July 7, 2014, in the district

[***] The Honorable Alvin K. Hellerstein, United States District Judge for the Southern District of New York, sitting by designation.

2

court for declaratory judgment as to the parties' rights and liabilities under the restrictive covenant. Following the onset of Appellants' construction, in September 2014, Appellees amended their complaint to seek an order directing removal of the offending structures.

After discovery, cross-motions for summary judgment, and a bench trial, the district court found in Appellees' favor and issued an injunction ordering the removal of two of Appellants' townhomes. Citing and applying the traditional four-factor test for injunctions articulated in *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 391 (2006), the district court held that damages were incalculable, and that, balancing the equities, an injunction was appropriate. This appeal followed.

Appellants argue, first, that the district court lacked jurisdiction because Appellees did not appeal the adverse order of the Zoning Commission, *see* Ketchum Code § 17.144.020, and therefore failed to exhaust their administrative remedies. *See* Idaho Code Ann. § 67-6519. We review *de novo* whether there is subject matter jurisdiction, *Kildare v. Saenz*, 325 F.3d 1078, 1082 (9th Cir. 2003) and, after doing so, uphold jurisdiction. Appellees' lawsuit is based on the restrictive covenant, a private contractual matter, not on the decision of the Ketchum Zoning Commission. Accordingly, Appellees were not required to exhaust any administrative remedies.

Appellants argue next that the City of Ketchum is both a necessary and an indispensable party under Rule 19, Fed. R. Civ. P., and that Appellees failed to join the City. Appellants failed to raise this issue in the district court, and may not raise it for the first time on appeal. In any event, the argument lacks merit. The lawsuit relates to a private dispute about rights under a restrictive covenant. The City has no interest in this litigation, nor is the City necessary for Appellants' compliance with the district court's order. If, as Appellants speculate, the City refuses to issue demolition permits, *see* Ketchum Code § 15.16 *et seq.*, Appellants can request appropriate relief at that time.

Next, Appellants argue that the district court should have based its decision on Idaho Law and not the factors stated in *eBay*, 547 U.S. at 391. Appellants argue that Idaho law does not authorize mandatory injunctions in the context of restrictive covenants, and that "[t]he general equitable powers of federal courts should not enable a party suing in diversity to obtain an injunction if state law clearly rejects the availability of that remedy," *Sims Snowboards, Inc. v. Kelly*, 863 F.2d 643, 647 (9th Cir. 1988). However, Appellants' argument is contrary to Idaho law, for injunctions are available in the context of restrictive covenants. *See Jacklin Land Co. v. Blue Dog RV, Inc.*, 254 P.3d 1238, 1244 (Idaho 2011). The district court's judgment would be the same under *eBay* or under Idaho law.

The district court did not err in issuing a mandatory injunction. We review for abuse of discretion. *See Columbia Pictures Indus., Inc., v. Fung*, 710 F.3d 1020, 1030 (9th Cir. 2013); *Fischer v. Bd. Of Trustees of Meridian Joint Sch. Dist. No. 2*, 965 P.2d 1292, 1292–93 (Idaho 1998). The district court held that monetary damages were incalculable, it being impossible to assess the value of the view to Appellees; that Appellants proceeded with the construction at their own risk; and that the cost of removal of the townhomes was not prohibitive (less than $100,000). There was no abuse of discretion.

Finally, Appellants have no defense of laches. Appellants argued laches in their unsuccessful motion for summary judgment, but did not further raise the issue at trial. "[A]fter a full trial on the merits, no appeal can be taken of an order denying summary judgment." *U.S. Fid. & Guar. Co. v. Lee Investments LLC*, 641 F.3d 1126, 1138 (9th Cir. 2011). In any event, Appellees gave consistent notice of objections before Appellants took title and thereafter, and filed this lawsuit before construction began. There was no laches.

AFFIRMED.