**Jing LI, Plaintiff,**

v.

**Michael CHERTOFF, Secretary of the Department of Homeland Security; Emilio T. Gonzalez, Director of U.S. Citizen and Immigration Services; and Robert S. Muller, Director of Federal Bureau of Investigation, Defendants.**

No. 3:06–CV–02625–H (POR).

United States District Court,
S.D. California.

April 2, 2007.

---

Jing Li, San Diego, CA, Pro se.

Megan E. Callan, Office of the United States Attorney, San Diego, CA, for Defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

HUFF, District Judge.

On November 29, 2006, pro se plaintiff Jing Li ("Plaintiff") filed a complaint seeking to have defendants Michael Chertoff, Secretary of the Department of Homeland Security ("DHS"), Emilio Gonzalez, Director of United States Citizen and Immigration Services ("USCIS"), and Robert Muller, Director of the Federal Bureau of Investigation ("FBI") (collectively "Defendants") properly adjudicate Plaintiff's I-485 application to register permanent residence or adjust status. (Doc. No. 1.) On February 2, 2007, Defendants filed a motion to dismiss. (Doc. No. 6.) On March 16, 2007, Plaintiff filed an opposition. (Doc. No. 8.) On March 26, 2007, Defendants filed a reply. (Doc. No. 9.)

The Court exercises its discretion to decide this matter on the papers, without oral argument, pursuant to Local Civil Rule 7.1(d)(1). For the following reasons, the Court **GRANTS WITHOUT PREJUDICE** Defendants' motion to dismiss.

### Background

On July 3, 2003, Plaintiff filed an I-485 application to register permanent residence or adjust status with USCIS. (Compl.¶ 9.) On August 19, 2004, Plaintiff submitted her fingerprints to USCIS. (*Id.* ¶ 10.) On October 15, 2005, Plaintiff resubmitted her fingerprints to USCIS. (*Id.* ¶ 11.)

On September 26, 2006, Plaintiff called USCIS. (*Id.* ¶ 13.) She was told that the name check process that the FBI needed to complete in order for USCIS to adjudicate her I-485 application was still pending. (*Id.* ¶¶ 13, 14.) On October 2, 2006, Plaintiff was advised by a USCIS officer to continue to wait for her application to be approved or denied. (*Id.* ¶ 17.)

On November 29, 2006, Plaintiff filed a complaint seeking to have Defendants properly adjudicate and approve her I-485 application. (Compl.¶¶ 1-26.) On February 2, 2007, Defendants filed a motion to dismiss, or in the alternative for the Court to remand the matter to USCIS for adjudication in the first instance. (Defs.' Mem. P. & A. Supp. Defs.' Mot. Dismiss, at 1-9.) On March 16, 2007, Plaintiff filed an opposition, in which she moved to withdraw her request for the Court to require Defendants approve her I-485 application, but instead to require the FBI to complete their background check within 30 days, and for USCIS to adjudicate Plaintiff's I-485 application 30 days thereafter. (Pl.'s Opp. Defs.' Mot. Dismiss, at 1-11.) On March 26, 2007, Defendants filed a reply, in which Defendants withdrew their request to remand the matter to USCIS. (Defs.' Reply Supp. Defs.' Mot. Dismiss, at 1-7.)

### Discussion

### A. Legal Standards for Motion to Dismiss

Defendants have moved to dismiss Plaintiff's entire suit against them under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction, and under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

### 1. Motion to Dismiss for Lack of Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction without general subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). They can adjudicate only those cases which the Constitution and Congress au-

thorize them to adjudicate. *See id.* Federal courts are presumptively without jurisdiction over civil actions and the burden of establishing the contrary rests upon the party asserting jurisdiction. *See id.; see also Stock West, Inc. v. Confederated Tribes of the Colville Reservation,* 873 F.2d 1221, 1225 (9th Cir.1989).

A motion to dismiss for lack of subject matter jurisdiction may be "facial" or "factual." *See Safe Air for Everyone v. Meyer,* 373 F.3d 1035, 1039 (9th Cir.2004). In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction, whereas in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction. See *id.* If the defendant brings a facial attack, a district court must assume that the factual allegations in the complaint are true and construe them in the light most favorable to the plaintiff. *See United States v. One 1997 Mercedes E420,* 175 F.3d 1129, 1130–31 & n. 1 (9th Cir.1999); *see also Warren v. Fox Family Worldwide, Inc.,* 328 F.3d 1136, 1139 (9th Cir.2003). A Rule 12(b)(1) motion will be granted if, on its face, the complaint fails to allege grounds for federal subject matter jurisdiction as required by Rule 8(a) of the Federal Rules of Civil Procedure. *See Warren v. Fox Family Worldwide, Inc.* 328 F.3d 1136, 1139 (9th Cir.2003); *see also Morrison v. Amway Corp.* 323 F.3d 920, 924 n. 5 (11th Cir.2003); Schwarzer, et al., *California Practice Guide: Federal Civil Procedure Before Trial* ¶ 9:80, at 9–20 (The Rutter Group 2006).

A motion to dismiss for lack of subject matter jurisdiction may also be based on evidence extrinsic to the complaint. *See Roberts v. Corrothers,* 812 F.2d 1173, 1177 (9th Cir.1987). This is the so-called factual attack on jurisdiction. *See Safe Air for Everyone,* 373 F.3d at 1039. A district court is free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary. See *id.* In such circumstances, a district court need not presume the truthfulness of a plaintiff's allegations. See *Roberts,* 812 F.2d at 1177. If the district court does not hold an evidentiary hearing, however, it should accept as true the factual allegations in the complaint. *See McLachlan v. Bell,* 261 F.3d 908, 909 (9th Cir.2001).

### 2. Motion to Dismiss for Failure to State a Claim

Rule 12(b)(6) permits dismissal of a claim either where that claim lacks a cognizable legal theory, or where insufficient facts are alleged to support plaintiff's theory. *See Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir.1990). In considering the sufficiency of a complaint under Rule 12(b)(6), courts cannot grant a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). In resolving a Rule 12(b)(6) motion, the court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *See Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337–38 (9th Cir.1996). If a complaint is found to fail to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts. *See Doe v. United States,* 58 F.3d 494, 497 (9th Cir.1995).

### B. Subject Matter Jurisdiction

█ When a motion to dismiss for lack of subject matter jurisdiction is filed in

conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) motion first. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.2001); *see also* Schwarzer, et al., *supra,* ¶ 9:75, at 9–18 to 9–19. Plaintiff asserts three statutory bases for subject matter jurisdiction: 1) mandamus jurisdiction pursuant to 28 U.S.C. § 1361;[1] 2) the Administrative Procedure Act, 5 U.S.C. § 551 et seq. ("APA"); and 3) the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq. ("DJA"). (Compl. at 2.) Defendants argue that none of these statutes vest the court with subject matter jurisdiction in this case.

### 1. Mandamus Jurisdiction

 District courts have original jurisdiction over any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to a plaintiff. *See* 28 U.S.C. § 1361. "Mandamus is an extraordinary remedy and is available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available." *Kildare v. Saenz*, 325 F.3d 1078, 1084 (9th Cir.2003); *see also Pittston Coal Group v. Sebben*, 488 U.S. 105, 121, 109 S.Ct. 414, 102 L.Ed.2d 408 (1988) ("The extraordinary remedy of mandamus under 28 U.S.C. § 1361 will issue only to compel the performance of 'a clear nondiscretionary duty.'").

Defendants argue that § 1361 does not provide subject matter jurisdiction over USCIS's adjudication of Plaintiff's I–485 application because USCIS's duty is dis-

cretionary. Section 245 of the Immigration and Nationality Act ("INA") states:

> The status of an alien ... may be adjusted by the Attorney General, in his *discretion* and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

8 U.S.C. § 1255(a) (emphasis added). Furthermore, section 242 of the INA states:

> Notwithstanding any other provision of law (statutory or nonstatutory), including ... section[ ] 1361 ... no court shall have jurisdiction to review—
>
> (i) any judgment regarding the granting of relief under section ... 1255 of this title, or
>
> (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

8 U.S.C. § 1252(a)(2)(B)(ii). Both § 1252 and § 1255 are in subchapter II, immigration, of chapter 12 of title 8 of the United States Code. Section 1255 of title 8 pertains to the adjustment of the status of a nonimmigrant to that of a person admitted for permanent residence, the purpose of an I–485 application. Section 1158(a) of title 8 relates to aliens applying for asylum. *See* 8 U.S.C. § 1158.

---

1. Plaintiff also cited 28 U.S.C. § 1391 as providing jurisdiction, but § 1391 deals only with venue.

These statutes clearly convey Congress's intent to preclude courts from reviewing discretionary decisions or actions of USCIS regarding I–485 applications. Defendants argue that this discretion extends to the pace of adjudicating these applications. Defendants note that there are no statutes or regulations that provide a time limitation within which the Department of Homeland Security, the Attorney General, or the FBI must act to approve or deny the application. Plaintiff counters that although Defendants have broad discretion in making the ultimate decision regarding how to adjudicate her application, they have a non-discretionary duty to make "diligent efforts" to adjudicate the application, and that the Court's failure to find jurisdiction would permit Defendants to delay her application.

Some district courts have concluded that the pace that USCIS adjudicates an I–485 application is discretionary, and therefore district courts should not consider whether USCIS is adjudicating an I–485 application at a reasonable pace under § 1361. *See, e.g., Grinberg v. Swacina,* 478 F.Supp.2d 1350, 1351, 2007 WL 840109, at *1 (S.D.Fla.2007) ("Sections 242 and 245 of the Immigration and Nationality Act ... preclude judicial review of any discretionary 'decision or action' of the Attorney General in immigration matters includ[ing] the pace at which immigration decisions are made."); *Safadi v. Howard,* 466 F.Supp.2d 696, 698–700 (E.D.Va.2006) (concluding that § 1255(a) vests USCIS with discretion over the entire process of adjustment application adjudication, and § 1252(a)(2)(B)(ii) precludes judicial review of any "action," meaning any act or series of acts, included the pace at which that action proceeds, and therefore no jurisdiction under § 1361); *Zheng v. Reno,* 166 F.Supp.2d 875, 880–81 (S.D.N.Y.2001) ("Matters within the INS's discretion are not reviewable under the mandamus statute. Thus, courts in this district have repeatedly held that mandamus relief is unavailable for delays in the adjustment process.").

Other district courts have concluded that courts have jurisdiction to hear a mandamus suit alleging that USCIS was failing to adjudicate an immigration application within a reasonable period of time, because otherwise USCIS could delay adjudicating the application indefinitely, in violation of their alleged nondiscretionary duty to make a decision. *See, e.g., Razaq v. Poulos,* 2007 WL 61884, at *4 (N.D.Cal. Jan. 8, 2007) ("Congress had to have intended the executive branch to complete these 'adjudications' within a reasonable time-because imposing no time constraint at all on the executive branch would be tantamount to giving the government the power to decide whether it would decide.... A 'duty to decide' becomes no duty at all if it is accompanied by unchecked power to decide when to decide."); *Yu v. Brown,* 36 F.Supp.2d 922, 932 (D.N.M.1999) ("[B]y necessary implication the adjudication must occur within a reasonable time. A contrary position would permit the INS to delay indefinitely. Congress could not have intended to authorize potentially interminable delays. We hold that as a matter of law, [the plaintiff] is entitled to a decision within a reasonable time, and that it is within the power of the court to order such an adjudication.").

■ The Court concludes that it is not necessary for it to determine whether a district court could ever have mandamus jurisdiction under § 1361 to hear a petition to compel USCIS to adjudicate an I–485 application. The Court concludes that in this case, Defendants have successfully challenged the Court's subject matter jurisdiction.

Plaintiff argues that under 8 C.F.R. § 245.2(a)(5)(i), Defendants have a duty to notify an applicant of the final decision

regarding an adjustment of status application, and the reasons for the decision if the application is denied. In this case, Defendants have provided the declaration of Gerald McMahon, the Assistant Center Director with the California Service Center ("CSC") of USCIS, who attests that he has reviewed the records regarding Plaintiff's I–485 application, and that to date, required security checks have yet to be completed, which prevents USCIS from adjudicating Plaintiff's application. (Decl. Gerald McMahon Supp. Defs.' Mot. Dismiss ¶ 14.) Mr. McMahon explained that a lengthy delay is sometimes unavoidable because the security check reveals derogatory information on the subject alien that is possessed by some other government agency without revealing the substance of that information. (*Id.* ¶ 10.) Additionally, even after all of the known information from government agencies is collected, further investigation is required. (*Id.*)

Even accepting as true all of Plaintiff's factual allegations, Defendants have provided sufficient evidence to demonstrate that any delay in adjudicating Plaintiff's I–485 application is not due to agency inaction, but rather to the time required to resolve all concerns of a law enforcement or national security nature. Therefore, Plaintiff's suit simply seeks to force USCIS to complete the adjudication in a more expeditious manner. The Court concludes that as long as USCIS is making reasonable efforts to complete the adjudication, the pace required to complete that process is committed to USCIS's discretion. Therefore, this Court does not have subject matter jurisdiction to entertain Plaintiff's mandamus petition under § 1361 regarding USCIS's discretionary adjudication of Plaintiff's I–485 application at this time. Accordingly, the Court grants without prejudice Defendants' motion to dismiss Plaintiff's complaint for writ of mandamus based on the Court lacking subject matter jurisdiction.

### 2. Jurisdiction Under the Administrative Procedure Act

█ The APA provides that "with due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). Also, "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." Id. § 702. This includes judicial review to "compel agency action unlawfully withheld or unreasonably delayed." *Id.* § 706(1). Plaintiff argues that these statutes, in combination with the federal question statute, 28 U.S.C. § 1331, provides jurisdiction for the Court to hear her complaint.

█ "Failures to act are sometimes remediable under the APA, but not always." *Norton v. Southern Utah Wilderness Alliance,* 542 U.S. 55, 61, 124 S.Ct. 2373, 159 L.Ed.2d 137 (2004). "[A] claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take.*" *Id.* at 64, 124 S.Ct. 2373 (emphasis in original). The limitation to required agency action rules out judicial direction of even discrete agency action that is not demanded by law, which includes agency regulations that have the force of law. *See id.* at 65, 124 S.Ct. 2373. Therefore, a court only has jurisdiction to compel an agency to act within a certain time period under the APA when the agency is compelled by law to act within a certain time period. *See id.*

Therefore, if there were a time period for adjudication of Plaintiff's I–485 application specified in the governing statutes or regulations and that time period had been exceeded, this Court would have jurisdiction under the APA to compel USCIS to

complete the adjudication. *See id.* at 65, 124 S.Ct. 2373. However, no statute or regulation specifies a time period within which USCIS must act. The only governing time limit is the APA's directive that agencies resolve matters presented to them within a reasonable time. *See* 5 U.S.C. § 555(b). This regulation clearly affords wide discretion to the USCIS in matters pertaining to the pace of the adjudication of I–485 applications. *Cf. Vasquez–Lopez v. Ashcroft,* 343 F.3d 961, 970 (9th Cir.2003) ("[J]udicial deference to the Executive Branch is especially appropriate in the immigration context where officials exercise especially sensitive political functions that implicate questions of foreign relations.") (quoting *INS v. Aguirre–Aguirre,* 526 U.S. 415, 425, 119 S.Ct. 1439, 143 L.Ed.2d 590 (1999)). Additionally, Plaintiff has not pointed to any statute or regulation requiring the FBI to complete her name check in any period of time, reasonable or not. Therefore, the Court concludes that § 706(1) of the APA does not grant the Court subject matter jurisdiction over Plaintiff's requested relief. Furthermore, the Court concludes that 8 U.S.C. 1252(a)(2)(B)(ii), which precludes district courts from reviewing any discretionary act of USCIS, precludes this Court from reviewing whether Defendants have adjudicated Plaintiff's I–485 application within a reasonable period of time under the APA. Accordingly, the Court grants Defendants' motion to dismiss Plaintiff's complaint for review under the APA for lack of subject matter jurisdiction.

### 3. Jurisdiction Under Declaratory Judgment Act

The DJA, 28 U.S.C. § 2201, states that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." Although the DJA enlarged the range of remedies available in federal courts, it did not extend federal courts' jurisdiction. *See Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 671, 70 S.Ct. 876, 94 L.Ed. 1194 (1950). The DJA is a procedural statute, not a jurisdiction granting statute. *See id.* "The use of the declaratory judgment statute does not confer jurisdiction by itself if jurisdiction would not exist on the face of a well-pleaded complaint brought without the use of 28 U.S.C. § 2201." *Janakes v. U.S. Postal Service,* 768 F.2d 1091, 1093 (9th Cir.1985). Since the Court has previously concluded that it does not have mandamus jurisdiction or jurisdiction under the APA in this case, the DJA does not confer jurisdiction. Accordingly, the Court grants Defendants' motion to dismiss Plaintiff's complaint for review under the DJA for lack of subject matter jurisdiction.

### 4. Conclusion

The Court concludes that it does not have subject matter jurisdiction to hear Plaintiff's suit under a writ of mandamus pursuant to 28 U.S.C. § 1361, the APA, or the DJA. Accordingly, the Court grants Defendants' motion to dismiss Plaintiff's entire suit. Since the Court concluded that it lacks mandamus jurisdiction based on the declaration of Gerald McMahon stating that Plaintiff's I–485 application is delayed pending the completion of required security checks, the motion is granted without prejudice.

### C. Failure to State a Claim

Since the Court has concluded that it lacks subject matter jurisdiction to hear Plaintiff's case, it declines to address whether Plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted.

### *Conclusion*

For the reasons discussed, the Court **GRANTS WITHOUT PREJUDICE** Defendants' motion to dismiss for lack of subject matter jurisdiction.

IT IS SO ORDERED.