**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DWAYNE EICHLER, | No. 08-16404 |
| Plaintiff - Appellant, | D.C. No. 2:04-cv-01108-GEB-JFM |
| v. | |
| SHERBIN, CDC Officer; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, District Judge, Presiding

Submitted June 14, 2010[**]
San Francisco, California

Before: O'SCANNLAIN, TASHIMA, BEA, Circuit Judges.

Dwayne Eichler, a California state prisoner, appeals pro se from the district

court's grant of Mercy Hospital's ("Mercy") motion for summary judgment. We

have jurisdiction pursuant to Federal Rule of Civil Procedure 54(b) and 28 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1291.

I

The district court properly granted summary judgment to Mercy[1] on Eichler's 42 U.S.C. § 1983 claim. Eichler failed to raise a triable issue as to whether the decision to transfer him to another hospital to receive more specialized care constituted deliberate indifference. In light of the severity of his facial laceration and the unavailability of a plastic surgeon at Mercy, Eichler failed to show that the decision to transfer him was "medically unacceptable under the circumstances" and was made "in conscious disregard of an excessive risk to plaintiff's health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).[2]

II

The district court concluded that Eichler had failed to raise a triable issue as to whether Mercy had complied with the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395dd ("EMTALA") and granted Mercy summary judgment on this ground as well.

As an initial matter, we note that Eichler did not actually raise an EMTALA

---

[1] We assume without deciding that Mercy was a state actor. *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003).

[2] Because we affirm summary judgment on the section 1983 claim, Eichler's contentions regarding discovery related to that claim are moot.

claim in his complaint. It was Mercy who raised EMTALA on summary judgment, apparently as an affirmative defense. However, because the district court ruled on the EMTALA claim, and because Mercy did not contend in its answering brief that the EMTALA claim was not raised in the complaint, any issue as to whether this claim is properly before us is waived. *See, e.g.*, *United States v. Garcia-Lopez*, 309 F.3d 1121, 1122–23 (9th Cir. 2002) (respondent waived argument by not raising it in answering brief); *Laboa v. Calderon*, 224 F.3d 972, 981 n.6 (9th Cir. 2000) (holding issues not raised in appellate briefs are waived on appeal).

Eichler requested additional discovery to develop the EMTALA claim. Some of the documents he requested may be relevant to whether Mercy failed to provide "an appropriate medical screening examination," 42 U.S.C. § 1395dd(a), by deviating from its own screening procedures, *see Baker v. Adventist Health, Inc.*, 260 F.3d 987, 994 (9th Cir. 2001) ("Disparate treatment can constitute a violation of EMTALA's requirement that a hospital provide 'an appropriate

medical screening.'").[3] The magistrate judge simultaneously denied Eichler's requests for additional discovery and recommended granting summary judgment to Mercy on grounds that Eichler "provided no evidence" to rebut Mercy's evidence other than his own affidavit.

"Though the conduct of discovery is generally left to a district court's discretion, summary judgment is disfavored where relevant evidence remains to be discovered, particularly in cases involving confined pro se plaintiffs." *Jones v. Blanas*, 393 F.3d 918, 930 (9th Cir. 2004). Because we are not persuaded that the additional discovery requested would be "'fruitless' with respect to the proof of a viable claim" under EMTALA, it was an abuse of discretion to deny additional discovery. *Id*. We therefore vacate the grant of summary judgment on the EMTALA claim and remand for reopening of discovery.[4]

III

---

[3] Particularly relevant are the "quality of care standards," "service compliance standards," and "quality assurance audits and reviews," which are referenced in Mercy's contract to provide health care services to California Department of Corrections inmates. These documents may shed light on whether Eichler received "an examination comparable to the one offered to other patients presenting similar symptoms." *Jackson v. E. Bay Hosp.*, 246 F.3d 1248, 1256 (9th Cir. 2001).

[4] In light of the foregoing, Eichler's contentions regarding the vacatur of the pretrial and trial dates are moot.

We also vacate the dismissal of Eichler's state law claims of medical malpractice and negligence "to permit the district court once again to determine whether to exercise its supplemental jurisdiction in light of the proceedings on remand." *Fredenburg v. County of Contra Costa Dep't of Health Servs.*, 172 F.3d 1176, 1183 (9th Cir. 1999).

IV

The district court denied Eichler's motion for leave to amend the complaint to substitute the names of the doctor and nurse who treated him at Mercy Hospital for the Doe defendants. Because Eichler failed to raise a triable issue as to their deliberate indifference, and EMTALA provides a private right of action against only hospitals, *Eberhardt v. City of Los Angeles*, 62 F.3d 1253, 1256 (9th Cir. 1995), the district court properly concluded that amendment would have been futile, *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009).

V

The district court did not abuse its discretion in denying Eichler's motions for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). Because Eichler "demonstrated sufficient writing ability and legal knowledge to articulate his claim," and the "facts he alleged and the issues he raised were not of sufficient complexity," the district court properly concluded that his case did not present

5

"exceptional circumstances" warranting appointment of counsel. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

VI

In his voluminous pretrial statement, Eichler requested appointment of a medical expert witness; however, the district court did not address Eichler's request.  To the extent that the district court denied the request in light of its summary judgment on the EMTALA claim and dismissal of the state law claims, Eichler may renew his motion upon the reopening of discovery.

Each party shall bear its own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED for further proceedings.**