**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CECIL DUDGEON,

        Plaintiff - Appellant,

  v.

HENRY RICHARDS, Superintendent; et al.,

        Defendants - Appellees.

No. 09-36123

D.C. No. 3:09-cv-05200-RBL

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted June 15, 2011[**]

Before:    CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

    Cecil Dudgeon, a Washington civil detainee, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging that defendants

committed constitutional and state-law violations in responding to his public

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

disclosure request.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Nelson v. Heiss*, 271 F.3d 891, 893 (9th Cir. 2001).  We affirm.

The district court properly dismissed Dudgeon's claim for denial of access to courts because Dudgeon failed to allege facts demonstrating that he suffered an actual injury.  *See Lewis v. Casey*, 518 U.S. 343, 348-49 (1996) (requiring actual injury, like prejudice to contemplated or existing litigation, for claim of denial of access to courts).

The district court properly dismissed Dudgeon's due process claim because Dudgeon failed to allege the deprivation of a constitutional or state-created liberty or property interest.  *See Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003) ("Procedural due process claims require [ ] a deprivation of a constitutionally protected liberty or property interest[.]"); *cf. Sappenfield v. Dep't of Corr.*, 110 P.3d 808, 811-12 (Wash. Ct. App. 2005) (prison policy, requiring an inmate either to pay for and obtain by mail copies of department records or to send a personal representative to inspect the records, was reasonable and did not violate Washington's Public Records Act).

The district court properly dismissed Dudgeon's equal protection claim because Dudgeon failed to allege facts establishing an intent or purpose to

09-36123

discriminate against him based upon his membership in a protected class. *See*

*Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005).

The district court properly declined to exercise supplemental jurisdiction over Dudgeon's state-law claims after dismissing his federal claims without leave to amend. *See* 28 U.S.C. § 1367(c)(3). We construe the dismissal of the state claims as being without prejudice. *See Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994).

Dudgeon's remaining contentions, including those concerning retroactivity, are unpersuasive.

Jessica L. Greenwald's motion to withdraw as defendants' counsel is granted.

**AFFIRMED.**