

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AARON TSANG and SUE TSANG, | No. 16-56865 |
| Plaintiff-Appellant, | D.C. No. 5:16-CV-1340-MWF(AJW) |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted September 19, 2018**

Before: CLIFTON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Aaron Tsang and Sue Tsang appeal the district court's dismissal of their

challenge to the Social Security Administration's ("SSA's") suspension of Aaron's

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

supplemental security income benefits, Sue's claim that SSA improperly banned her from entering SSA premises for disruptive conduct, and the Tsangs' claim that SSA improperly offset funds from Aaron's benefits for an outstanding debt to the Department of Education. The Tsangs also seek review of the district court's denial of their request to disqualify the district court judge for judicial bias.

We have jurisdiction under 28 U.S.C. § 1291. We review the denial of a preliminary injunction for an abuse of discretion, *Alliance for the Wild Rockies v. Pena*, 865 F.3d 1211, 1216 (9th Cir. 2017), the dismissal for lack of subject matter jurisdiction de novo, *Kildare v. Saenz*, 325 F.3d 1078, 1082 (9th Cir. 2003), and the denial of a request to disqualify a judge for abuse of discretion, *United States v. Bauer*, 84 F.3d 1549, 1560 (9th Cir. 1996). We affirm.

## I. Aaron's Suspension of Benefits

The district court did not abuse its discretion by denying the Tsangs' request for a preliminary injunction against SSA for suspending Aaron's benefits. SSA has not held a hearing regarding suspending Aaron's benefits, and the Appeals Council has neither denied review nor rendered its own findings on the merits, and so the agency has not issued a final decision. *See Brewes v. Comm'r Soc. Sec. Admin.*, 682 F.3d 1157, 1162 (9th Cir. 2012). Therefore, the district court properly found

the Tsangs had not exhausted their administrative remedies, as required for judicial review under the Social Security Act. *See* 42 U.S.C. § 405(g).

This claim also does not meet the requirements for waiving administrative exhaustion. Specifically, the Tsangs have not demonstrated pursuing administrative remedies would be futile. *See Bowen v. City of New York*, 476 U.S. 467, 484 (1986).

Courts have jurisdiction to review non-final SSA decisions where the claimant presents a "colorable constitutional claim of due process violation that implicates a due process right either to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination." *Klemm v. Astrue*, 543 F.3d 1139, 1144 (9th Cir. 2008) (citation omitted). However, the Tsangs have not stated a colorable due process claim. The Tsangs have not provided sufficient factual support, and a "'mere allegation of a due process violation' is not a colorable constitutional claim." *Id.* (citation omitted). Therefore, the district court properly held that the constitutional claim exception for non-final SSA decisions did not apply.

**II. Offset of Aaron's Benefit Payments**

The district court properly held that mandamus relief was not available to order SSA to cease the offset of Aaron's benefit payments to pay an outstanding

debt to the Department of Education. A court may issue a writ of mandamus under 28 U.S.C. § 1361 only if "(1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available." *Kildare v. Saenz*, 325 F.3d 1078, 1084 (9th Cir. 2003) (internal citations omitted). Based on this record, we cannot firmly conclude that the offset is improper, that the Administrator's duty is non-discretionary and merely ministerial, and that Aaron is without an alternative remedy. Therefore, the district court properly concluded that ordering SSA to cease the offset of Aaron's benefits was beyond the scope of mandamus relief.

## III. SSA's Ban of Sue From Entering Agency Property

The Tsangs' argument that the district court erred by dismissing the claim that SSA had improperly banned Sue from entering SSA premises also lacks merit. SSA may ban individuals who verbally assault their personnel or become disruptive, as the record shows Sue did, and SSA adhered to its regulatory procedures for prohibiting entry to agency premises. *See* 20 C.F.R. §§422.903-.904. In addition, the Tsangs have not identified any statutory or other basis for the claim that Sue has a right to enter SSA property without permission, and thus have failed to state a claim.

**IV. Request to Disqualify the District Court Judge**

Finally, the Tsangs' claim that the district court erred by denying their request to disqualify Judge Fitzgerald lacks merit. None of their claims suggest any bias. Therefore, the district court did not abuse its discretion in denying their request to disqualify Judge Fitzgerald. *See Bauer*, 84 F.3d at 1560.[1]

**AFFIRMED.**

---

[1] The Tsangs' "Motion to Transmit Further and Physical Excerpt" is denied as moot. (Docket Entry No. 27).

5