[Civ. No. 28623. Fourth Dist., Div. One. Aug. 7, 1984.]

SOCIAL SERVICES UNION, S.E.I.U. LOCAL 535, Plaintiff and Respondent, v.
COUNTY OF SAN DIEGO et al., Defendants and Appellants.

[Civ. No. 28597. Fourth Dist., Div. One. Aug. 7, 1984.]

SAN DIEGO COUNTY DEPUTY SHERIFFS' ASSOCIATION, Plaintiff and Respondent, v.
COUNTY OF SAN DIEGO et al., Defendants and Appellants.

[Civ. No. 28570. Fourth Dist., Div. One. Aug. 7, 1984.]

SAN DIEGO COUNTY DEPUTY DISTRICT ATTORNEYS' ASSOCIATION, Plaintiff and Respondent, v.
COUNTY OF SAN DIEGO et al., Defendants and Appellants.

**COUNSEL**

Lloyd M. Harmon, Jr., County Counsel, Howard P. Brody and Anthony Albers, Chief Deputy County Counsel, and Arlene Prater, Deputy County Counsel, for Defendants and Appellants.

Dorothea Hubsch Contreras, Ronald W. Hutcherson, Robert C. Neal, Georgiou & Tosdal, Byron S. Georgiou and Robert C. Fellmeth for Plaintiffs and Respondents.

## OPINION

**WORK, J.**—The County of San Diego (County) and its Board of Supervisors (Board), cumulatively and individually, appeal judgments granting peremptory writs of mandate forcing the County to provide employees represented by the Social Services Union, S.E.I.U. Local 535,[1] the San Diego County Deputy Sheriffs' Association and the San Diego County Deputy District Attorneys' Association (collectively, Associations) with paid holidays on Fridays, December 24 and 31, 1982. The County contends the trial courts erred because the Associations failed to exhaust their administrative remedies; they were guilty of laches and unclean hands; it did not breach the 1981-1982 memoranda of agreement; and the ordinance does not discriminate against the labor associations.

We hold the 1981-1982 memoranda of agreement provide for these "eves" to be treated as paid holidays and thus, exercising judicial restraint, it is unnecessary to decide whether the ordinance is discriminatory in character. Finding the remaining contentions meritless, we affirm the judgments.

### FACTUAL AND PROCEDURAL BACKGROUND[2]

The Associations, recognized employee organizations, were parties to memoranda of agreement with the County effective June 26, 1981, through June 24, 1982. These memoranda expressly provided the employees with paid holiday observances for Christmas Day (Dec. 25) and New Year's Day (Jan. 1). Moreover, the agreements expressly provided for the observance of Independence Day on Friday, July 3, 1981, for payroll purposes. Further, the agreements provided: "In addition, any other day of national mourning or celebration provided that it has been proclaimed by the Board of Supervisors, and provided that the Board directs the closure of County offices for public service. . . . Any such holiday shall be granted only to those employees who are regularly scheduled to work on the day for which such holiday is proclaimed by the Board." The parties had not reached new agreements by December 31, 1982.

Although some County employees represent themselves, most are represented by one of several employee organizations authorized to bargain with

---

[1] Pursuant to stipulation, the County dismissed its appeal against the County Management Association and the San Diego County Employees' Association in 4 Civil No. 28623.

[2] Although the County contends each case should be treated separately because of its factual uniqueness, we find the basic controlling facts are essentially the same in all three appeals. Accordingly, because these appeals advance identical legal arguments and involve factual and procedural backgrounds and labor negotiations which materially differ only slightly, we consolidate them.

the County in negotiating employment contracts. The County entered into memoranda of agreement with other recognized bargaining associations for 1982-1983, on terms expressly providing for holiday benefits (including Christmas Eve and New Year's Eve as part of the total package). In order to implement these agreements and to provide such holidays for nonrepresented employees, the County on November 16, 1982, amended its salary ordinance (§ 8.5.2 of Ord. No. 4961 (New Series) by Ord. No. 6473 (New Series)) by adding subdivision (k). Subdivision (k) permitted employees in certain classifications to take their Christmas and New Year's Day paid holidays on December 24 and 31, 1982, instead of on Saturdays, December 25, 1982, and January 1, 1983. The amendment stated it was to apply only to employees within designated classifications who either were not represented by any organization, were represented by organizations which had already signed labor agreements, or which would sign such agreements before December 24, 1982. The ordinance also provided all County offices would be closed to the public on those days. The County stated it included prospective signors to avoid their being deprived of the right to observe those holidays because of the statutes of limitations governing the effectivity of implementing ordinances.

The Associations sought writs of mandate, compelling the County to grant their members right to observe the same Christmas and New Year's paid holidays on Friday as was granted to other County employees. They contended the failure to grant these holidays to their members breached the understanding extending the 1981-1982 memoranda of agreement and discriminated against employees who chose to be represented by a labor organization, contrary to Government Code section 3500 et seq. As to the request of the Deputy District Attorneys' Association, the trial court issued a peremptory writ of mandate on December 23, 1982, granting the requested holidays and declaring in pertinent part: "The 1981-82 memorandum of agreement between Petitioner and Respondents presently remains in effect, but the dates of December 24, 1982, and December 31, 1982, do not come within Article 6, Section 1 of said Agreement.

"Ordinance No. 6473 of the County of San Diego is discriminatory within the meaning of Government Code section 3506 in that said ordinance grants special holidays to County employees who have reached agreements with the County, whether or not such employees have entered into Memoranda of Agreement which provide that December 24 and 31 of 1982, shall constitute paid holidays." As to the Deputy Sheriffs' Association and S.E.I.U. Local 535, the trial court issued a peremptory writ of mandate on December 30, 1982, as requested, finding: "1. The adoption of the provisions of Ordinance 8.5.2(k) relating to Petitioners constitutes discrimination; and

"2. The adoption of the provisions of Ordinance 8.5.2(k) constitutes a punitive act with respect to Petitioner; and

"3. The adoption of Ordinance 8.5.2(k) constitutes an interference with the collective bargaining process as it relates to Petitioners."

### The 1981-1982 Memoranda of Agreement Provide for the Holiday Observance of December 24 and 31, 1982

█ The members of the Associations are entitled to the paid days off under the terms of their extended 1981-1982 memoranda. The 1981-1982 memoranda of agreement governed the parties until the adoption of successor memoranda.[3] A fair application of their agreements providing for paid Christmas and New Year holidays to the 1982 calendar when those days fell on Saturdays results in Friday observance of both holidays for their members. They argue the "day of national celebration" provision within their agreements yields the same result, because Christmas Eve and New Year's Eve must be considered days of national celebration where the County declares such extra holidays and closes County offices.

Although we agree with the Associations that the 1981-1982 memoranda of agreement contemplate Christmas and New Year's holidays for payroll purposes, the agreements do not specifically state those holidays could be observed on Fridays, December 24 and 31, 1982, if the term of the 1981-1982 memoranda of agreement was extended due to the parties' failure to agree upon successive memoranda of agreement. However, the 1981-1982 memoranda of agreement expressly provide for Friday, July 3, 1981, to be treated as a holiday for payroll purposes because, that year, Independence Day was on a Saturday. Inferentially, if the national celebration language applied automatically for such holidays to be observed on the Friday before, there was no need to expressly provide for observance of Independence Day on Friday, July 3, 1981. However, it is quite clear the parties in negotiating 1981-1982 memoranda of agreement intended Christmas and New Year's to be celebrated as paid holidays for payroll purposes. Accordingly, the failure to provide the employees the holidays for payroll purposes would result in depriving them of two "work" day holidays for payroll purposes. Because the terms of the 1981-1982 memoranda of agreement remained in effect until successive memoranda of agreement are adopted, it follows those employees governed by 1981-1982 memoranda of agreement were entitled to Christmas and New Year's holidays to be observed on work days for

---

[3]Without question, the County cannot unilaterally revoke by ordinance the binding terms of the 1981-1982 memoranda of agreement until all parties have entered into successive memoranda of agreement.

payroll purposes. Because the County declared for public and payroll purposes these holidays would be observed on Fridays, December 24 and 31, 1982, we hold the 1981-1982 memoranda of agreement called for the observance of Christmas and New Year's holidays on the cited Fridays for payroll purposes.[4]

## MISCELLANEOUS CONTENTIONS

The County asserts the Associations did not exhaust their administrative remedies as provided in the County labor relations ordinance (Ord. No. 6273) before going to court. While the labor relations ordinance provides a procedure for complaining about unfair labor practices, including discrimination (which is prohibited both by this ordinance and by Gov. Code, § 3506), it does not provide for any expedited hearings or appeals. Here, the administrative remedy would have been inadequate because any relief would have come too late, after both holidays had passed, and after employees who were without adequate accumulated leave (and who could not afford to take the day off) would have worked. Under these circumstances, the Associations' failure to exhaust administrative remedies is excused. (See *Ogo Associates* v. *City of Torrance* (1974) 37 Cal.App.3d 830, 834 [112 Cal.Rptr. 761].)

The County also contends laches and the Associations' unclean hands should have barred relief. However, the County has not shown the Associations unreasonably delayed bringing their actions nor that it was prejudiced. Nor has the County shown any Association misconduct to trigger the doctrine of unclean hands.

The County asserts the courts should have stayed the writs pending appeal. The courts had the power to stay execution (Code Civ. Proc., § 1110b), and properly did not do so because of irreparable damage to the employees who would have completely lost the benefits of the writ had it been stayed.

We reject the Associations' prayers for sanctions against the County, because its appeals do not reach frivolity.

---

[4]We are unpersuaded by County's argument regarding institutional workers and sheriffs who would thus receive holiday pay for working these holidays as well as Christmas and New Year's. For, even under the sheriff's 1981-1982 memorandum of agreement, Friday, July 3, 1981, was expressly declared as a holiday for payroll purposes rather than Independence Day. Therefore, inferentially, the normal day of observance is not treated as a holiday for payroll purposes.

DISPOSITION

Judgments affirmed.

Brown (Gerald), P. J., concurred.

**BUTLER, J.**—I concur in the result. The issue of discrimination should be addressed because the county attempts to penalize employees who exercise their right to seek better terms and conditions of employment than those offered by the county.

The 1981-1982 memoranda of agreement expressly provide employees with paid holidays for Christmas Day and New Year's Day. Both fell on a Friday. The memoranda add as paid holidays any other day of national celebration proclaimed by the board of supervisors and on which county offices are closed. The memoranda bind the county and the signatory employee organizations until successor memoranda are adopted. The 1981-1982 memoranda survived their termination dates and were effective between the county and those organizations which failed to enter into memoranda for the 1982-1983 fiscal year. Thus, when the county adopted the challenged salary ordinance on November 16, 1982 and, indeed, through New Year's Day 1983, the memoranda between the county and the organizations which declined to sign continued to be in effect, i.e., Christmas Day and New Year's Day were paid holidays.

The majority opinion holds the 1981-1982 memoranda call for the observance of Christmas and New Year's holidays on the two Fridays, December 24 and December 31, 1982, for payroll purposes. It follows the county's enactment of the salary ordinance extending the olive branch of paid holidays to those organizations signing memoranda of agreement before December 24, 1982, is a classic exercise in coercive tactics intended to result in a loss of benefits to members of those employee entities who chose to fight rather than sing Christmas carols at the doors of members of the board of supervisors. A penalty is imposed upon those employees because their bargaining units had not come to terms with the county. This is a clear violation of Government Code section 3506. Despite Uriah Heep[1] contentions to the contrary, the county's conduct is destructive of the purpose and intent of the Meyers-Milias-Brown Act—to prohibit public agencies in their relations with their employees from intimidation, coercion and discrimination. (*Campbell Municipal Employees Assn.* v. *City of Campbell* (1982) 131

---

[1] "I am well aware that I am the 'umblest person going. . . . My mother is likewise a very 'umble person. We live in a numble abode. . . . We are so very 'umble." (David Copperfield, ch. 16, 17, Charles Dickens, Oxford Dict. of Quotations (2d ed. 1953) p. 174.)

Cal.App.3d 416, 422 [182 Cal.Rptr. 461].) As the work of government is the business of the public, we should illuminate these darker rooms to be sure the actors may be seen.

A petition for a rehearing was denied August 24, 1984, and the petition of appellant County of San Diego for a hearing by the Supreme Court was denied October 3, 1984.