**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JAN 30 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SELINA KEENE; MELODY FOUNTILA,

  Plaintiffs - Appellants,

and

MARK MCCLURE, APRIL MONEGAS, DAVID GOZUM, CHARLOTTE R SANDERS, THADDEUS SALEEM SHAHEED, JESSE MURILLO, RICARDO TREJO, PHILIPPE J CABRAL, DENISE ANGELINA DEBRUNNER, GREGORY EDWARD LATUS, PHILIP CHARLES HELMER, GERALD BURTON NEWBECK, JOHN LEONG, JONATHAN SHIROI TONG, ALICIA ANN WORTHINGTON, MIGUEL GONZALEZ, JOSEPH JOHN PORTA, ROGER CORMIER MORSE, RUBEN ANTONIO AGUIRRE, RANDALL M. SOOHOO, JOHN PAYTON QUINLAN, ANTONIO LANDI, ANTHONY SRINIVAS, JOSE GUARDADO, MELISSA BORZONI, ANDREW MALONEY, PENNI EIGSTER, TARA AMADO, DANIELLE

No. 24-1574

D.C. No.
4:22-cv-01587-JSW

MEMORANDUM[*]

---

  [*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

BOLOGNA, SARAH BADR, KIERA
NOELLE O'SHEA, MARILYN
TAYLOR, SUSAN RUTH
DOWNS, ROBERT SETH
GELLER, NOVIA CHANDRA-
MADEJSKI, RUNJOHNYA
BURGESS, KATRINA ANN
MEIER, DEREK WRAY, WILLIAM
DANIEL BRENNAN, EUGENIA MARIE
CASTEEL, HECTOR MANUEL
RODRIGUEZ, NORMA ANNE
SEPULVEDA, HECTOR
RODRIGUEZ, CHRISTOPHER JOSEPH
KROL, MICHAEL JOHN
BOUVIER, VALERIO JOSIF, DORIS
NAUER, VIVIAN HYUN, ALDEN
FRANCISCO BELLO, YOHEI
KAKUDA, HEATHER SUSAN
TYKS, VINCE BRYANT-
TEASDALE, OLIVER SAMPSON
HUGHES, JOHANNA JOSEPHA
COBLE, JERRY WAYNE
SCHULZE, ZHANGRUI NIE, MARCOS
PALACIO, GENTA YOSHIKAWA, KENT
NISHIMURA, SIMON CAN HUI
YEP, CHRISTOPHER SMITH, GLEN
RYAN IDETA, MATTHEW VINCENT
JUAN, MICHAEL PATRICK
BOURNE, DERELL
RUTHERFORD, SUZANNE
BORG, DENISE AREVALO, MEGAN
BOYLE, ELIZABETH NG, SASA
GALUEGA, PRISCILLA SAU
LENH, ANDREA SALFITI, ERIC M.
PRADO, PAUL GABRIEL
JACOWITZ, JEFFREY STEVEN
MILLER, RACHID AMGHAR, MICHAEL
GLISSON, JR., LEROY L.
VANCE, KEVIN ZAPANTA
CONTRERAS, JOSEPH STEPHEN

24-1574

JACOWITZ, NATHAN
SABLAN, DICKMAR NOVA
RODAS, VICKI LYNN SOLLS
DAVIS, MARIA MARCELA
HODGERS, JOAQUIN VALLE, ATTILA
MICHAEL FOTI, KEVIN
BRESTON, ALEXANDER
LAVROV, LENARD
MORRIS, REGINALD BERNARD
SNELGRO, ROBERT T.
KRUGER, LUSIANA BARAJAS, NICOLE
BOWMAN, ABBY MARA
THRASHER, MONICA LISSETTE
GUTIERREZ, ORCHID ZOE
SOH, RONALD MICHAEL
TOLENTINO, JESSICA LYNN
JOHNSON, CORA HERMOSO, MEAGEN
CAROLYN CLENDENEN, KARLYNE
MICHELLE KONCZAL, LEONIDAS
ROSALES ESCALANTE, JOSEPH JOHN
CASTEEL, JUAN PABLO
PONCIA, JOHN JOSEPH
MULLEN, KAITLYN MICHELLE
VALENCIA, OWEN GLEN
BRANTLEY, NUBIA VARGAS, KRISTIN
C. LAVELLE, DHEYANIRA E.
CALAHORRANO, MEI MEI
ZHU, KEVIN RUSSELL
GUSTAFSON, MICHAEL ANTHONY
SORINI, MARTIN JOSEPH
WALSH, PATRICK GERARD
DALY, REFUGIO J. GARCIA, RANDALL
RAY GERHART, PATRICK FRANCIS
MULLEN, TINA LOUISE
SANCHEZ, WALTER SANTO
VARO, SCOTT PEPITO, JAMES R.
SUTHERLIN, RICHARD DAVID
FIELDS, CHASE
RODRIGUEZ, MICHAEL ROYCE,

                    Plaintiffs,

      v.

CITY AND COUNTY OF SAN
FRANCISCO,

                    Defendant - Appellee,

and

LONDON BREED, CAROL ISEN, SAN
FRANCISCO PUBLIC
LIBRARY, MICHAEL LAMBERT, City
Librarian, SAN FRANCISCO
DEPARTMENT OF PUBLIC
HEALTH, BHANU
VIKRAM, LAWRENCE P. LINDISCH,

                    Defendants.

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted December 10, 2024
Pasadena, California

Before: CALLAHAN and BUMATAY, Circuit Judges, and BOLTON, District
Judge.[**]

        Appellants Selina Keene and Melody Fountila, two former employees of the

---

        [**]     The Honorable Susan R. Bolton, United States District Judge for the
District of Arizona, sitting by designation.

City and County of San Francisco ("CCSF"), were denied religious exemptions to CCSF's COVID-19 vaccination requirement. Appellants filed a lawsuit claiming that CCSF violated Title VII of the Civil Rights Act of 1964 and California's Fair Employment and Housing Act ("FEHA") by failing to accommodate their religious beliefs. Appellants also moved for a preliminary injunction requiring CCSF to accommodate their religious beliefs by allowing them to work remotely or to work in-person while wearing personal protective equipment ("PPE") and regularly testing for COVID-19. The district court denied the motion, but this Court reversed and remanded with instructions to reevaluate certain arguments. On remand, the district court again denied preliminary relief finding that Appellants failed "to establish that they will suffer irreparable harm or that the public interest weighs in their favor." Appellants challenge the district court's conclusion on appeal. We have jurisdiction under 28 U.S.C. § 1292(a), and we reverse and remand.

"We review a district court's denial of a preliminary injunction for abuse of discretion." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). A district court abuses its discretion when it utilizes "an erroneous legal standard or clearly erroneous finding of fact." *Id.* (quoting *Lands Council v. McNair*, 537 F.3d 981, 986 (9th Cir. 2008) (en banc), *overruled in part on other grounds by Winter v. Nat. Res. Def. Council*, 555 U.S. 7 (2008)).

A party seeking a preliminary injunction must establish (1) a likelihood of

success on the merits; (2) a likelihood of irreparable harm absent preliminary relief; (3) the balance of equities tips in the movant's favor; and (4) the injunction is in the public interest. *Id.* (citing *Winter*, 555 U.S. at 20). "When the government is a party," the third and fourth factors "merge." *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014) (citing *Nken v. Holder*, 556 U.S. 418, 435 (2009)).

Insofar as Appellants argue for injunctive relief under FEHA, Cal. Gov. Code § 12940(b), California law governs. *See Sims Snowboards, Inc. v. Kelly*, 863 F.2d 643, 646–47 (9th Cir. 1988) (finding that state substantive law controls whether injunctive relief is appropriate); *cf. Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 842 (9th Cir. 2020) (applying federal law in denying equitable restitution but noting that "state law controls whether a federal court should grant preliminary injunctive relief" (citing *Sims*, 863 F.2d at 646–47)); *see also Mason & Dixon Intermodal, Inc. v. Lapmaster Int'l LLC*, 632 F.3d 1056, 1060 (9th Cir. 2011) ("When a [federal] court . . . hears state law claims based on supplemental jurisdiction, the court applies state substantive law to the state law claims.").

1. The district court did not analyze Appellants' likelihood of success on the merits despite this Court's instruction to do so. Even so, "[l]ikelihood of success on the merits is a threshold inquiry and is the most important factor." *Env't Prot. Info. Ctr. v. Carlson*, 968 F.3d 985, 989 (9th Cir. 2020). It should not have been ignored.

To establish a prima facie case for religious discrimination under a failure-

to-accommodate theory, an employee must show "(1) [s]he had a bona fide religious belief, the practice of which conflicts with an employment duty; (2) [s]he informed h[er] employer of the belief and conflict; and (3) the employer discharged, threatened, or otherwise subjected h[er] to an adverse employment action because of h[er] inability to fulfill the job requirement." *Berry v. Dep't of Soc. Servs.*, 447 F.3d 642, 655 (9th Cir. 2006) (citation omitted); *Bolden-Hardge v. Off. of Cal. State Controller*, 63 F.4th 1215, 1222 (9th Cir. 2023) (courts evaluate FEHA claims under the Title VII framework). Both Title VII and FEHA require reasonable accommodations for such religious beliefs, unless doing so would impose an "undue hardship" on the employer. 42 U.S.C. § 2000e(j); Cal. Gov't Code § 12940(*l*)(1). "'[U]ndue hardship' is shown when a burden is substantial in the overall context of an employer's business." *Groff v. DeJoy*, 600 U.S. 447, 468 (2023); Cal. Gov't Code § 12926(u) (defining "[u]ndue hardship" as "an action requiring significant difficulty or expense").

Here, Appellants possessed genuine religious beliefs which conflicted with taking the COVID-19 vaccine, requested religious exemptions, and were constructively fired for their noncompliance. As CCSF concedes, Appellants "retire[d] to avoid termination." This occurred despite alternative accommodations being available to CCSF. CCSF could have allowed remote work for the duration of pandemic, allowed in-person work with PPE and regular COVID-19 testing, or

limited Appellants' contact with unvaccinated members of the public. Instead, the record does not reflect that CCSF seriously considered any religious accommodation.[1] CCSF has failed to show these proposed measures imposed an "undue hardship" given their minimal cost and considering that during the relevant time period Appellants' worksite hosted thousands of appointments with members of the public, regardless of their vaccination status. *Groff*, 600 U.S. at 470–71 (requiring courts to consider "the particular accommodations at issue and their practical impact in light of the nature, size and operating cost of [an] employer" (internal quotations and citations omitted) (alteration in the original)); Cal. Gov't Code § 12926(u). Thus, Appellants have demonstrated a strong likelihood of success on the merits under both Title VII and FEHA.

2. The district court abused its discretion in concluding that Appellants failed to show irreparable harm. First, the district court did not analyze irreparable harm under state law. *See Harris v. City of Santa Monica*, 56 Cal. 4th 203, 234 (2013) (noting that FEHA authorizes injunctive relief "to stop discriminatory practices"). In California, loss of employment is sufficient to establish irreparable harm. *See, e.g.*, *Costa Mesa City Emps.' Ass'n v. City of Costa Mesa*, 209 Cal. App. 4th 298, 305–07 (Cal. Ct. App. 2012) (finding irreparable harm when employees "were in

---

[1] CCSF had denied Appellants' vaccine exemption requests, in part, based on its conclusion they did not have sincerely held religious beliefs.

serious peril of being terminated"); *Barajas v. City of Anaheim*, 15 Cal. App. 4th 1808, 1811–13 (1993) (finding irreparable harm when law preventing street vending would "destroy the [vendors'] livelihoods"); *cf. Soc. Servs. Union v. County of San Diego*, 158 Cal. App. 3d 1126, 1131 (1984) (declining to stay a writ of mandate "because of irreparable damage to the employees" arising from the loss of two paid days off).

Nor did the district court properly evaluate the tension between Appellants' career choice and their faith under federal law. Generally, "the temporary loss of income, ultimately to be recovered, does not usually constitute irreparable injury." *Sampson v. Murray*, 415 U.S. 61, 90 (1974). But the "circumstances surrounding an employee's discharge, together with the resultant effect on the employee, may so far depart from the normal situation that irreparable injury might be found." *Id.* at 92 n.68. This can include "emotional and psychological" harms associated with termination. *See, e.g.*, *Chalk v. U.S. Dist. Ct. Cent. Dist. of Cal.*, 840 F.2d 701, 710 (9th Cir. 1988); *EEOC v. BNSF Ry. Co.*, 902 F.3d 916, 928–29 (9th Cir. 2018) (finding irreparable "dignitary harm" after a plaintiff was denied a job due to their disability); *Nelson v. NASA*, 530 F.3d 865, 881–82 (9th Cir. 2008), *rev'd on other grounds*, 562 U.S. 134 (2011) (finding the "stark choice" between "constitutional rights or loss of [plaintiffs'] jobs" to constitute irreparable harm given the "emotional damages and stress, which cannot be compensated by mere back payment of

wages").

Appellants' coerced decision between their faith and their livelihood imposed emotional damage which cannot now be fully undone. *See Chalk*, 840 F.2d at 709–10. In the analogous First Amendment context, the Supreme Court has recognized that the loss of protected religious freedoms, "for even minimal periods of time, unquestionably constitutes irreparable injury." *Roman Cath. Diocese of Brooklyn v. Cuomo*, 592 U.S. 14, 19 (2020) (citation omitted). Such a crisis of conscience is evidenced here as Appellants specifically described being "distraught" and "depressed" due to the resulting stigma of having their "career[s] . . . pulled out from underneath" them. This is unsurprising given that they had dedicated decades of their careers to CCSF and found fulfilment in their chosen professions of serving disadvantaged members of society. Thus, CCSF's finding that Appellants' religious beliefs were insufficient to warrant any accommodations can only be described as a "dignitary affront." *EEOC*, 902 F.3d at 929. The circumstances surrounding Appellants' termination constitute irreparable harm.

Appellants have satisfied their burden to show irreparable harm under both federal and state law.

3. Finally, the district court did not properly consider the balance of the equities and the public interest. Enforcing anti-discrimination statutes is in the public's interest under both California and federal law. *See Armendariz v. Found.*

10    24-1574

*Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 100 (2000) ("There is no question that the statutory rights established by the FEHA are 'for a public reason.'" (quoting Cal. Civ. Code. § 3513)); *Albermarle Paper Co. v. Moody*, 422 U.S. 405, 417–18 (1975) (stating that relief under Title VII not only compensates victims but vindicates broader public interest in deterring future discrimination).

Furthermore, as CCSF's vaccine requirement is no longer in place, there is no burden on CCSF for Appellants' noncompliance. Meanwhile, Appellants remain constructively terminated—forced to choose between their religious beliefs and their careers. Given that the equitable purpose of a preliminary injunction is to preserve the "status quo ante litem," relief is warranted here. *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1210 (9th Cir. 2000) (noting that "status quo ante litem refers not simply to any situation before the filing of a lawsuit, but instead to 'the last uncontested status which preceded the pending controversy'" (quoting *Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 809 (9th Cir. 1963))).

\* \* \*

Accordingly, we reverse the district court's denial of the preliminary injunction and remand with directions to the district court to grant the preliminary injunctive relief consistent with this memorandum disposition.

**REVERSED and REMANDED**.

24-1574